JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5717 PA (JEMx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Harriette Tapia v. The Clarks Companies, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

  Before the Court is a Notice of Removal filed by defendants Clarks Companies, North America (also erroneously names as The Clarks Companies, N.A.), C. & J. Retail, Inc., C. & J. Clark America, Inc., and The Clarks Companies Foundation ("Defendants") on July 2, 2012. Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Harriette Tapia (on behalf of herself and all other similarly situated individuals) ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[1/] To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to

---

[1/] The Court does not address any issues concerning the potential sufficiency of Defendants' efforts to meet the amount in controversy requirement by suggesting that Plaintiff's recovery could be calculated based on an aggregation of the potential class' recovery.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-5717 PA (JEMx) | Date | July 17, 2012 |
|---|---|---|---|
| Title | Harriette Tapia v. The Clarks Companies, N.A., et al. | | |

remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

      The Notice of Removal alleges: "Defendant is [sic] informed and believes, and Plaintiff alleges, that Plaintiff is now and, since this action was filed on April 3, 2012, has been a citizen of California. (FAC ¶6)." (Notice of Removal 4:27-5:1.) The First Amended Complaint alleges that plaintiff "is, and at all relevant times was, a competent adult residing in California. . . . Ms. Tapia worked for Clarks as a Manager in Los Angeles County, California from approximately August 2009 until December 2011." (First Amended Complaint 4:2-7.) Because the only support for defendants' allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish plaintiffs' citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, defendants' allegations, made on information and belief, are insufficient to invoke this Court's diversity jurisdiction.

      Therefore, defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC482183. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.